# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| GERALD DEXTER JONES, | : |
| Plaintiff | : |
| VS. | : |
| OCONEE COUNTY JAIL; | : |
| Sheriff SCOTT BERRY; | : |
| Captain CHUCK JOHNSON; | : |
| Ms. MITCHELL; | : |
| Maintenance Employer, | : |
| | NO. 3:10-CV-91 (CDL) |
| Defendants | **ORDER & RECOMMENDATION** |

Plaintiff **GERALD DEXTER JONES**, a prisoner at the Ocilla Detention Center in Ocilla, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff has paid the required initial partial filing fee. Plaintiff is obligated to pay the remainder of the filing fee, as is directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order and Recommendation to business manager of the Ocilla Detention Center.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint

that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state

law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. STATEMENT AND ANALYSIS OF CLAIMS

### A. Conditions of confinement at the Oconee County Jail

Plaintiff filed his original complaint while he was incarcerated at the Oconee County Jail. Plaintiff asserted numerous allegations regarding the conditions of confinement at the jail. Specifically, he explained that the "food is being served by the staff without hair nets and gloves"; the food is cold; there is no drinking water and ice in the dormitories; there is no "medical sick-call box"; and inmates have only four minutes to shower while it "sometimes . . . takes [two to three] minutes to get hot" water.

The Court recognizes that the Eighth Amendment to the United States Constitution provides that cruel and unusual punishments should not be inflicted.[1] "The 'cruel and unusual punishments'

---

[1] Plaintiff indicates on the 42 U.S.C. § 1983 form that he was convicted of theft by taking and shoplifting and sentenced to ten years, serve three, on August 19, 2010. Plaintiff filed this action on November 4, 2010. Therefore, the Court assumes that Plaintiff was a prisoner, not a pretrial detainee, during his period of confinement at the Oconee County Jail. However, even if Plaintiff was a pre-trial detainee during a portion of the time period about which he complains, the Court's analysis would not change. The Court of Appeals for the Eleventh Circuit has held that "in regard to providing pretrial detainees with such basis necessities as food, living space, and medical care the minimum standard

3

standard applies to the conditions of a prisoner's confinement." ***Brown v. Pastrana***, No. 08-20631, 2008 U. S. Dist. LEXIS 67236 at *6 (S. D. Fla September 4, 2008). However, the Constitution does not mandate comfortable prisons. ***Rhodes v. Chapman***, 452 U.S. 337, 349 (1981). All that is required is that they be humane. ***Farmer v. Brennan***, 511 U.S. 825 (1994).

To prevail on an Eighth Amendment claim regarding the conditions of confinement, a plaintiff must demonstrate that (1) the conditions about which he complains are, from an objective standpoint, "sufficiently serious"; and (2) prison officials "acted with a sufficiently culpable state of mind with regard to the conditions at issue." ***Brown v. Pastrana***, No. 08-20631, 2008 U. S. Dist. LEXIS 67236 at 6-7 (S. D. Fla September 4, 2008) (quoting ***Chandler v. Crosby***, 379 F.3d 1278, 1289 (11th Cir. 2004)).

"Under the first prong, the Court must 'assess whether society considers the risk that [plaintiff] complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." ***Id***. (quoting ***Chandler***, 379 F.3d at 1289). Plaintiff's complaints are not "so grave that exposure to these conditions violates contemporary standards of decency." ***Id***. "At best, such conditions sound in negligence, and do not deprive plaintiff 'of the minimal measure of life's necessities,' nor do such conditions represent something that modern society would find intolerable." ***Id.*** at *8. As plaintiff has not, even taking all of his allegations as true and

---

allowed by the due process clause is the same as that allowed by the eighth amendment for convicted felons." ***Hamm v. Dekalb County***, 774 F.2d 1567, 1574 (1985).

considering them collectively, established the first prong of the above-described test, the Court need not reach the second.

The Court also notes that plaintiff does not allege any type of physical harm from the allegedly unsanitary food service, cold food, lack of water and medical sick call boxes, and limited showers. 42 U.S.C. § 1997e(e) provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." ***See also Siglar v. Hightower***, 112 F.3d 191, 193 (5th Cir. 1997). Plaintiff sustained no physical injuries; therefore, his action may not prevail under 42 U.S.C. § 1983.

Consequently, it is **RECOMMENDED** that Plaintiff's claims regarding the conditions of confinement at the Oconee County Jail be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

### *B. Grievance Process*

Plaintiff complains that the grievance procedure at the Oconee County Jail "is bogus." He states that receipts are not given out and grievances are not returned.

The Eleventh Circuit has held that a plaintiff has no constitutional right to participate in prison grievance procedures. ***See Wildberger v. Bracknell***, 869 F.2d 1467, 1467-68 (11th Cir. 1989).

Therefore, a prison officials' failure to provide a receipt, process or respond to a grievance, or return a grievance is not actionable under 42 U.S.C. § 1983.

Consequently, it is **RECOMMENDED** that Plaintiff's claims regarding the grievance procedure at the Oconee County Jail be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

### C. *The Oconee County Jail*

Plaintiff named the Oconee County Jail as a defendant. The jail is not a legal entity subject to suit. ***Dean v. Barber***, 951 F.2d 1210 (11th Cir. 1992); ***Shelby v. City of Atlanta***, 578 F. Supp. 1368, 1370 (N. D. Ga. 1984).

Consequently, it is **RECOMMENDED** that the Oconee County Jail be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

### D. *Maintenance Employer*

Plaintiff shows "Maintenance employer" as a defendant in the heading of his complaint. In the "Statement of Claim" section of the complaint, he explains that an unnamed maintenance man told him "that Blacks and Muslim[s] have no place at this jail." Plaintiff states that maintenance

man would not give him his name. First, while the unnamed maintenance man's comment was certainly insensitive, such a comment does not rise to the level of a constitutional violation. ***See Fortson v. Gonzo***, No. 3:07-CV-38 (CDL), 2007 U. S. Dist. LEXIS 33596 at *4 (M. D. Ga. May 7, 2007)(explaining that verbal abuse by state officials does not state a claim under 42 U.S. C. § 1983). Second, there is simply no way for the Court to perfect service upon an unidentified maintenance man.

Consequently, it is **RECOMMENDED** that Maintenance Employer be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

### E. Failure to provide surgery for unspecified foot condition

After review of Plaintiff's original complaint, the Court ordered Plaintiff to supplement his complaint and answer specific questions relating to his access to courts claim and his claim that Defendants violated his right to the free exercise of his religion. In the original complaint, Plaintiff made no mention of lack of medical care and did not name "Nurse Kim" as a Defendant.

Plaintiff submitted a supplemental complaint as ordered. In this filing, he not only provided the information requested by the Court, but he also stated, for the first time, that Nurse Kim and Defendants Berry and Johnson refused to allow him to have "surgery for [his] feets (sic)." Plaintiff fails to tell the Court why he needs this surgery.

A § 1983 plaintiff may set forth only related claims in one civil rights complaint. He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." **Construction Aggregates, Ltd. v. Forest Commodities Corp.**, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

Plaintiff has failed to show a "logical relationship" between his claim that Nurse Kim and the other defendants will not allow him to have foot surgery and other claims stated in his original complaint. Should Plaintiff wish to assert that these Defendants have failed to provide him adequate medical care, he may do so. However, he will need to do so by filing a separate 42 U.S.C § 1983 action. In that action, Plaintiff will need to inform the Court from what "foot condition" he is suffering and tell the Court why he needs surgery. Additionally, Plaintiff is now incarcerated at the Ocilla Detention Center, not the Oconee County Jail. To any extent that Plaintiff seeks injunctive relief regarding this medical care or surgery, he will need to name the appropriate defendants who are employed at the Ocilla Detention Center. Plaintiff will not be able to obtain injunctive relief against defendants employed at the Oconee County Jail because he is no longer incarcerated there. Under established law in this circuit, a prisoner's claim for injunctive relief is mooted by his transfer to another prison. **Zatler v. Wainwright**, 802 F.2d 397, 399 (11th Cir. 1986); **Wahl v. McIver**, 773 F.2d 1169, 1173 (11th Cir. 1985).

Consequently, it is **RECOMMENDED** that Nurse Kim and Plaintiff's claim regarding the lack of medical care for his unspecified foot condition be **DISMISSED WITHOUT PREJUDICE** from this action.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

### F. Access to courts

Plaintiff maintains that while he was incarcerated at the Oconee County Jail, Defendants Captain Chuck Johnson, Sheriff Scott Berry, and Ms. Mitchell denied him access to a law library in order to work on the appeal of his criminal conviction. Plaintiff states that he did request copies of legal documents as he was instructed to do. However, he never received the requested copies. Plaintiff alleges that he is not represented by appellate counsel and his inability to pursue his appeal has "left [him] at a standstill with the same sentence."

### G. First Amendment Right to the free exercise of religion

Plaintiff also maintains that "Al-Jummah services are being totally neglected." Plaintiff alleges that Sheriff Scott Berry and Captain Chuck Johnson are responsible for the lack of Islamic services because they "are the ones who set the rules and regulation[s]" for religious services. Plaintiff states that Sheriff Scott Berry and Captain Chuck Johnson allow Christian services while they refuse to allow Islamic services. Plaintiff states that his Quran was confiscated by Deputy

Miller (not named as a Defendant in this action) and when he submitted a grievance regarding the matter, Defendant Captain Chuck Johnson told him "not to question his officers."

Plaintiff also maintains that he told Defendants Ms. Mitchell and Captain Johnson that he needed kosher meals because he is a Muslim and they refused to provide him with such meals.

At this stage in the litigation, the Court cannot find that Plaintiff's claim regarding his lack of access to the courts and his denial of religious freedoms claim are completely frivolous. Therefore, these claims shall go forward against Sheriff Scott Berry, Captain Chuck Johnson, and Ms. Mitchell.

It is hereby **ORDERED** that service be made against Defendants and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. If a party is not represented by counsel, it is the responsibility of each party to serve copies of all motions, pleadings, and correspondence up the unrepresented opposing party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). If a party is represented by counsel, the opposing party need not serve counsel by mail and the motions, pleadings, and correspondence shall be deemed served at the time of filing with the Court.

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit**

**to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court. This 90-day period shall run separately as to each Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby authorized to forward payments from the Prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full;

Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**ELECTION TO PROCEED BEFORE THE**
**UNITED STATES MAGISTRATE JUDGE**

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the Defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED** and **RECOMMENDED**, this 25th day of January, 2011.

                                                        s/ Charles H. Weigle
                                                       Charles H. Weigle
                                                       United States Magistrate Judge

lnb